◼  In the Matter of the Arbitration between EDWARD D. MILLER, Respondent, and COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant.— In an arbitration proceeding, the appeals are from two orders and one order-judgment of the Supreme Court, Kings County, all dated October 25, 1968, namely, (1) an order which denied appellant's motion to reduce the arbitration award from $2,151 to $2,000; (2) an order which denied appellant's subsequent motion, *inter alia,* for leave to reargue and renew (upon additional papers) its said motion to reduce the award; and (3) an order-judgment which granted respondent's motion to confirm the award and directed recovery for respondent upon the award. Order-judgment modified, on the law and the facts, by (1) inserting in the first decretal paragraph thereof, after the word "confirmed", the following: " except that the award of $2,151 is confirmed to the extent of only $2,000 "; (2) reducing certain of the amounts in the second decretal paragraph thereof as follows: $2,151 (the award) to $2,000; $48.04 (interest) to $44.61; and $2,249.04 (the total of the award, interest, and costs allowed by the arbitrator) to $2,094.61. As so modified, order-judgment affirmed, without costs. Appeal from the two orders denying appellant's motions dismissed as academic, without costs. Under a medical payment provision in an automobile liability insurance policy issued by appellant to respondent, the latter received $151 for medical expenses he had incurred as a result of an accident involving an uninsured motorist. Thereafter, the arbitration award here in question was rendered, directing appellant to pay respondent $2,151 under the uninsured motorist indorsement in the same policy. The indorsement unequivocally provided that damages recoverable thereunder were not to include any amount for medical expenses paid or payable under the medical payment provisions of the policy. In our opinion, this limiting provision violates neither statute nor public policy

and therefore precludes inclusion of an amount for medical expenses in the arbitration award (see *Matter of Durant* [*MVAIC*], 15 N Y 2d 408; *Matter of Napolitano* [MVAIC], 21 N Y 2d 281; *Silinsky* v. *State-Wide Ins. Co.*, 30 A D 2d 1). We infer from the amount of the award that it includes a duplicate medical payment of $151. Accordingly, in the interests of practicality, we reduce it by that amount (see *Matter of Cruzado* [*MVAIC*], 24 A D 2d 743). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.