Kathryn Ryals PHILLIPS, Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

No. 29661.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1971.

T. Reese Watkins, Cubbedge Snow, Jr., Cubbedge Snow, Macon, Ga., for defendant-appellant; Harris, Russell & Watkins, Martin, Snow, Grant & Napier, Macon, Ga., of counsel.

James E. Peugh, Joseph B. Duke, Milledgeville, Ga., for plaintiff-appellee.

Before BELL, DYER and RONEY, Circuit Judges.

BELL, Circuit Judge:

This is a diversity action having to do with payment due under an uninsured motorist endorsement to an insurance policy. For reasons hereinafter set forth, we affirm in part, reverse and render in part, and reverse for a new trial in part.

On September 16, 1967, Kathryn Ryals, now Phillips by virtue of a subsequent marriage, was injured in an automobile accident while riding in a car driven by Dannie Sheppard. This was a one car accident in which another passenger, Sara Ellen Giles, was killed. In July of 1968 Kathryn, by her mother as next friend, filed suit against Dannie and his father in the Superior Court of Washington County, Georgia for damages sustained by reason of the accident. Sheppard was uninsured and State Farm was thus served in the case because Kathryn was insured under a policy issued to her mother by State Farm and was covered by the uninsured motorist provision therein.[1]

The attorney for State Farm, Cubbedge Snow, Jr. of Macon, Georgia, became aware that Irwin L. Evans, a Washington County attorney, had been retained by the Sheppards to represent them in another suit brought by the mother of Sara Ellen Giles. During the course of a telephone conversation with Evans, it was agreed between Snow and Evans that they would work together in defending the Ryals case for their respective clients, and that Evans would file an answer for the Sheppards. State Farm had the right under the uninsured motorist statute to intervene in the case in its own name.[2] However, for the obvious reason that a jury would know of such involvement by an insurance company, State Farm chose to proceed as agreed with Evans.

On Wednesday February 26, 1969, Snow inquired of Joe Duke, one of the lawyers for the plaintiff, as to whether the case was on the trial calendar for

---

1. Coverage U—Damages for Bodily Injury and Property Damage caused by Uninsured Automobiles. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of (a) bodily injury sustained by the insured or (b) injury to or destruction of the property of such insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile.

2. Ga.Code Ann., 1969 Supp. § 56-407.1 (d):

In cases where the owner or operator of any vehicle causing injury or damages be known, and either or both be named as defendants in any action for such injury or damages, a copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant * * * and the insurance company shall have the right to file pleadings and take other action allowable by law * * *.

the term of court which was to begin on the following Monday, March 3, 1969. Duke told him that the Giles case was on the calendar but not the Ryals case. On the same day in another telephone conversation, Evans gave Snow the same information. However, on Saturday of the same week and before court convened on Monday, Evans and James Peugh, another lawyer for the plaintiff, went before the judge of the Superior Court of Washington County, waived a jury trial, and proceeded to join issue whereupon a judgment of $13,800 was rendered in favor of Kathryn Ryals.

After the entry of judgment for Ryals at this proceeding, demand was made on State Farm for $10,000, that amount being the limits of the policy under the uninsured motorist endorsement. State Farm replied that it was not liable for various reasons, but offered to settle the case for $6,575.52, that amount being the difference between the $10,000 limits of the policy and the amount already paid under the medical payments provisions. That offer was refused and suit was then brought in state court against State Farm to recover $10,000 plus damages and attorney's fees as provided under state law.[3] The suit was removed to the federal district court by State Farm.

The plaintiff below contended that she had obtained a judgment against the uninsured motorist as the statute required and that State Farm's refusal to pay was in bad faith. State Farm responded that the judgment was procured by fraud and collusion as to it, and that in any event it was entitled to a setoff under the provision of the policy allowing a setoff for any payment made under the medical payments coverage.[4] The district court granted plaintiff's motion to strike this claim for a setoff. State Farm's motion for a directed verdict on the issue as to plaintiff's claim for damages and attorney's fees on the ground that no bad faith had been shown by the plaintiff was denied and the issue submitted to the jury along with the contention that the judgment was obtained by fraud. The jury returned a verdict for plaintiff in the amount of $10,000 under the policy, $1.00 damages, and $5,000 attorney's fees. State Farm appealed.

### I.

Appellant contends that the charge by the trial judge on burden of proof was

---

3. Ga.Code Ann., 1969 Supp. § 56-1206: Liability of insurer for damages and attorney's fees.
   In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss. not more than 25 per cent. of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the case against the insurer. The amount of such reasonable attorney's fee shall be determined by the trial jury and shall be included in any judgment which is rendered in such action: * * *

4. The set-off provision of the policy provides as follows: Limits of liability. (a) The company's limit of bodily injury liability shall not exceed: $10,000 for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person in any one accident and subject to this provision $20,000 for all such damages for bodily injury sustained by two or more persons in any one accident. * * * (d) Any amount payable to an insured under the terms of this coverage shall be reduced by (1) all sums paid to such insured for bodily injury or property damage by or on behalf of the person legally liable therefor, (a) all sums paid on account of such bodily injury under coverages C or M of this policy (the relevant medical provisions), (3) the amount paid and the present value of all amounts payable to such an insured under the workmen's compensation law, exclusive of nonoccupational disability benefits and (4) the amount paid or payable to such an insured under any policy of property insurance.

erroneous. The material part complained of is as follows:

Now, I wish to make this clear to you that—I have already made reference to the fact that the burden of proof is on Mrs. Phillips to prove every essential element of her case. Now, when a defendant comes in and asserts an affirmative defense, such as has been done here by the Defendant Insurance Company; in other words, when the Defendant Insurance Company comes in and says that "we are not liable because this judgment obtained in the Superior Court of Washington County, Georgia was fraudulent", then the burden shifts and the burden is not on Mrs. Phillips to prove that the judgment was not fraudulent, but the burden is on the Defendant Insurance Company in regard to that issue to prove by a preponderance of the evidence that the judgment was obtained by fraud and collusion.

So, before you would be authorized to sustain the defense, the affirmative defense of the Insurance Company and before you would be authorized to find that the judgment referred to was obtained by collusion and fraud, as alleged by the Defendant, it would be necessary for you to conclude that a preponderance of the evidence as offered by the Defendant, as offered in the case, persuades you that it was obtained by collusion and fraud. In other words, the burden of proof is on the insurance company to prove its contention of collusion and fraud, and you would not be authorized to find that the judgment was obtained by collusion and fraud unless a preponderance of the evidence so indicates.

■ An absolute prerequisite to an action of this nature is that the plaintiff reduce her claim against the uninsured motorist to a judgment prior to bringing an action against the insurance company to recover on the policy. Turner v. Associated Indemnity Corp., 1966, 113 Ga. App. 225, 147 S.E.2d 788; State Farm Mut. Auto. Ins. Co. v. Girtman, 1966, 113 Ga.App. 54, 147 S.E.2d 364. That judgment is the life blood of the plaintiff's case and the sine qua non for any possible recovery.

■■ In this connection, it was necessary for plaintiff to plead and prove the reduction of her claim to judgment. The burden of proof as to showing the judgment was placed on her by the pleadings and she was required to maintain that burden throughout the trial. It never shifted to State Farm. Atlantic Coast Line R. Co. v. Thomas, 1951, 83 Ga.App. 477, 64 S.E.2d 301; Hyer v. C. E. Holmes & Co., 1913, 12 Ga.App. 837, 79 S.E. 58. The law presumes that judgments are regular on their face, and the mere setting out of the judgment from the Washington Superior Court made out a prima facie case for the plaintiff. However, State Farm attacked the judgment head on and asserted that as to it, the judgment was of no force and effect by reason of its having been procured by collusion and fraud. State Farm did not admit plaintiff's prima facie case and assume the burden of proof. Rather, it was in the position of having to go forward with the evidence or be subject to a motion for directed verdict. At no time, however, was the burden of proof on State Farm as the defendant to establish the invalidity of the judgment. It had the burden of going forward with the evidence to offset plaintiff's prima facie case but the burden of proof to establish a valid judgment was fixed on plaintiff by the pleadings. For a discussion on the distinction between burden of proof and burden of going forward with the evidence see Central of Georgia Railway Co. v. Hester, 1956, 94 Ga.App. 226, 94 S.E.2d 124; Atlantic Coast Line R. Co. v. Thomas, supra; Hyer v. C. E. Holmes & Co., supra. Accordingly, a new trial is in order because the charge given on burden of proof was in error and was prejudicial to the appellant.

## II.

There remain, however, additional issues which must be determined because they bear directly on what will transpire in a new trial. The first is plaintiff's claim for damages and attorney's fees because of bad faith. We conclude that the failure to sustain State Farm's motion for a directed verdict as to this claim was error.

There is no evidence in the record of bad faith on the part of the insurance company in failing to pay the claim upon demand. Refusal to pay means a frivolous and unfounded failure to pay a valid claim. Dependable Insurance Company v. Gibbs, 1962, 218 Ga. 305, 127 S.E.2d 454. If there is a reasonable ground for contesting the claim and the evidence is sufficient to support a verdict for the insurance company, then an award of damages and attorney's fees for the plaintiff would be error. Interstate Life & Accident Insurance Company v. Williamson, 1964, 220 Ga. 323, 138 S.E.2d 668; American Casualty Co. v. Seckinger, 1963, 108 Ga. App. 262, 132 S.E.2d 794. We hold that there was a reasonable ground for contesting the claim on the position that the judgment was obtained by fraud and collusion as to State Farm. With respect to that position, Snow's view is that the stratagem of having a non-jury trial was concealed from him and this concealment is buttressed by his testimony that Evans stated to him on early Saturday morning that there had been no change in the calendar. Evans apparently operated on the theory that this was not concealment since the case was not to be added to the trial calendar for the next week. Stated differently, as we understand the argument, there was no concealment inasmuch as Evans said nothing whatever to Snow about the case being tried without a jury on that very day.

This will not do in light of the benefits which flowed to Ryals and the Sheppards from the non-jury trial and judgment, and the detriment thereby suffered by State Farm. During this non-jury trial, plaintiff amended her petition without objection to allege that she was a passenger rather than a guest in the automobile so as to require a lesser degree of negligence on the part of the defendant in order to recover. A directed verdict was granted on behalf of the father, Harold Sheppard, which motion was not opposed by plaintiff. Plaintiff's attorney admitted during cross-examination that he had no intention of trying to collect a judgment out of Dannie Sheppard.

These facts were sufficient to make a jury issue on the claim of fraud and collusion. Durrence v. Durrence, 1968, 224 Ga. 620, 163 S.E.2d 740; Eberhardt v. Bennett, 1926, 163 Ga. 796, 802, 137 S.E. 64.

That State Farm had the right to rely on the defense of fraud in contesting plaintiff's claim is clear from the words of Chief Justice Bleckley in Smith v. Cuyler, 1887, 78 Ga. 654, 659–660, 3 S.E. 406, 407:

"The apprehended judgments at law will, if collusive, be utterly harmless to these complainants, because, if collusive, the complainants can attack them anywhere and everywhere. A collusive judgment is open to attack whenever and wherever it may come in conflict with the rights or the interest of third persons. Fraud is not a thing that can stand, even when robed in judgment."

The question of bad faith must be determined by the defense made at the time of trial. Interstate Life & Accident Insurance Company v. Williamson, supra. We find that State Farm presented a reasonable ground within the teachings of these authorities for refusing to pay the claim.

Further evidence that the insurance company was not acting in bad faith is found in its attempt to litigate the provision in the policy which allowed a set-off for payments under the medical provisions of the policy. This defense was stricken by the trial court prior to

taking any evidence. On the other hand, the trial judge allowed plaintiff to pursue the matter as evidence of her claim of bad faith. This was also error. No Georgia case has been called to our attention which construes a provision of this type in an automobile liability policy, nor have we in our research been able to discover one. This point has been decided favorably to appellant in other jurisdictions. Boehler v. Insurance Company of North America, 1968, 290 F.Supp. 867, E.D.Ark.; Morgan v. State Farm Mutual Automobile Insurance Company (La.App.1967), 195 So.2d 648. There are cases in other jurisdictions against State Farm's position. Wittig v. United Services Automobile Association, 1969, 300 F.Supp. 679, N.D. Ind.; Tuggle v. Government Employees Insurance Company (Fla.1968), 207 So.2d 674; Stephens v. Allied Mutual Insurance Company, 1968, 182 Neb. 562, 156 N.W. 2d 133. The question is open in Georgia. Appellant had the right to litigate this provision in the policy without being subjected to a claim of bad faith. Life Insurance Co. of Georgia v. Burke, 1963, 219 Ga. 214, 132 S.E.2d 737.

### III.

Notwithstanding our holding above that State Farm had the right to litigate the setoff provision of the policy without being subjected to a claim of bad faith, we nevertheless hold that the district court was correct in striking the defense. The answer must, of course, come from the Georgia law and, as stated, the precise factual situation has not been presented to the Georgia Courts.

The Georgia Court of Appeals did hold in Travelers Indemnity Company v. Williams, 1969, 119 Ga.App. 414, 167 S. E.2d 174, cert. den., 119 Ga.App. 890,

that provisions in a policy which seek to restrict coverage where the claimant is covered under two uninsured motorist provisions are void. In so doing that court held that since the statute makes the insurer liable for *all* sums which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle, the insurer cannot restrict this coverage with an "other insurance" clause. The clear words of the statute were not to be circumvented.[5] In a similar case, that court also held that uninsured motorist coverage cannot be restricted by a setoff provision which allows a deduction for sums recovered under property insurance. State Farm Mutual Automobile Insurance Company v. Barnard, 1967, 115 Ga.App. 857, 156 S.E.2d 148, cert. den., 115 Ga.App. 881. The medical payments here plus the $10,000 coverage totalled less than the amount of the judgment. The medical payments were due plaintiff under a separate coverage provision of the insurance contract.

Appellants contend that since the legislature has overruled the *Barnard* decision by statute,[6] we should assume that it would also enact a statute to the effect that this setoff provision is valid. The short answer to this contention is that the legislature has not done so. We are also constrained to note that the Georgia Court of Appeals relied on *Barnard* in Travelers Indemnity Company v. Williams, supra, which was decided subsequent to the action of the legislature in overruling *Barnard*. Our best judgment on this undecided diversity question is that the Court of Appeals of Georgia would extend these rulings so as to deny the claimed setoff under the insurance contract in question. We thus affirm the district court on this issue.

5. Ga.Code Ann., 1969 Supp., § 56–407.1 in pertinent part:
   "No * * * liability policy * * * shall be issued or delivered in this State * * * unless it contains an indorsement * * * undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within limits exclusive of interest and costs which shall be no less than $10,000 * * * *".

6. Ga.Code Ann., 1969 Supp. § 56–407.1 (g.1).

The other assignments of error have to do with matters which are not likely to recur and will not be considered.

Affirmed in part; reversed and rendered in part; remanded in part for further proceedings not inconsistent herewith.