**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant,**

v.

**Nuel McNUTT et al., Plaintiffs-Appellees.**

**No. 73-1894.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1974.

Decided April 11, 1974.

Richard C. Roberts, Waller, Threlkeld & Whitlow, Paducah, Ky., for appellant.

George Edward Overbey, Jr., Overbey, Overbey & Overbey, Murray, Ky., for appellees.

Before EDWARDS, MILLER and ENGEL, Circuit Judges.

PER CURIAM.

In this diversity action, State Farm Mutual Automobile Insurance Company, the defendant below, appeals from a final judgment of the United States District Court for the Western District of Kentucky, in which appellant was held to be liable under both of two separately issued policies issued to appellees Nuel and Zella McNutt, which provided for uninsured motorist coverage.[1] State Farm was ordered to pay to the appellees the policy limits of the second policy.[2] The district court held that, under Kentucky law, to the extent that the policies attempted to limit recovery to one policy only, such attempt was not valid, relying upon Meridian Mutual Insurance Co. v. Siddons, 451 S.W.2d 831 (Ky.1970).

The district court also held that to the extent of their limits, the medical payments provisions of both policies were available, and ordered State Farm to "pay all expenses for medical claims incurred within one year . . . of the accident as to each of the three plaintiffs" up to the policy limits.

Nuel, Zella and Ronnie McNutt were injured when the vehicle which they occupied was struck by an uninsured motorist. The occupied vehicle was owned by Nuel and Zella McNutt and was insured by State Farm. Mr. and Mrs. McNutt also held another policy issued by State Farm on another car owned by them. A judgment against the uninsured motorist had been obtained in a state court in favor of the three McNutts, totalling in excess of $80,000.

In this appeal, State Farm claims that the district court erred in holding that the McNutts were entitled to recover under the second policy.

While, as an original question, the issue presented is not without difficulty, we note that it has, pending appeal, been resolved adversely to appellant by the Court of Appeals of Kentucky, in Allstate v. Napier, decided February 1, 1974, mandate issued March 5, 1974, 505 S.W.2d 169 (Ky.1974). Under Erie Ry. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we are bound to apply this interpetation of Kentucky law as announced by its highest court. Napier, supra, compels us to conclude that the district court correctly held that the McNutts were entitled to recover under both policies.

State Farm also challenges the holding of the district court requiring it to pay medical expenses to the McNutts. Apparently for the first time on appeal, State Farm argues that the medical payment provision of the second policy does not extend to the circumstances here, because the McNutts were not "struck" by a land vehicle within the meaning of the policy, it appearing that there was no direct bodily contact between the McNutts and the vehicle which struck that in which they were riding. In view of Napier, and of the rule that policies are to be construed most strictly against the preparer, we hold that the district court's determination in this regard was not clearly erroneous.

Accordingly, the judgment of the district court is affirmed.

1. The third plaintiff Ronnie McNutt was not a named insured, but was an "insured" as that term was defined in the policy.

2. After obtaining a judgment against the uninsured motorist in state court following an accident involving such motorist, State Farm paid to the McNutts the limits of the first policy, $21,500.