129 N.J. Super. 99 (1974)
322 A.2d 464
LOUISE SILAS, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 6, 1974.
Decided June 14, 1974.
*101 Before Judges CONFORD, HANDLER and MEANOR.
Messrs. Goldstein & Toto, attorneys for appellant (Mr. Domenic D. Toto, of counsel and on the brief).
Messrs. Gurry & Conlan, attorneys for respondent (Mr. Thomas R. O'Brien, on the brief).
The opinion of the court was delivered by MEANOR, J.A.D.
On November 19, 1970 plaintiff was a passenger in an automobile insured by defendant under a policy which provided uninsured motorists (UM) coverage. N.J.S.A. 17:28-1.1. The policy also provided medical payments insurance. Plaintiff, injured by the negligence of an uninsured motorist, went to arbitration pursuant to the terms of the policy and received an award of $1,750. Medical expenses of $611 were proven in arbitration and were included within the award.
Following the award plaintiff brought this action seeking to recover $611 under the medical payments coverage. Defendant was successful below in contending that the policy precludes double recovery of medical benefits.
The UM coverage portion of the policy provides in pertinent part:
The company shall not be obligated to pay under this insurance that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured highway vehicle which represents expenses for medical services paid or payable under the medical payments or medical expense coverage of the policy * * *.
We are asked to hold the clause void as contrary to this State's public policy. Cases pro and con are collected and discussed in Annotation, "Uninsured Motorist Insurance: Reduction Of Coverage By Amounts Payable Under Medical Expense Insurance," 24 A.L.R.3d 1353 (1969).
The cases that have invalidated such clauses have done so on the ground of conflict between the clause and statutory *102 requirements for UM coverage. This was the rationale of, for example, Tuggle v. Government Employees Ins. Company, 207 So. 2d 674, 24 A.L.R.3d 1343 (Fla. Sup. Ct. 1968), criticized in Note, "Uninsured Motorist Coverage  Setoff Of Amounts Payable Under Medical Payments Coverage," 23 U. of Miami L. Rev. 249 (1968) and Phillips v. State Farm Mut. Automobile Ins. Co., 437 F.2d 365, 370 (5 Cir.1971) (Under Georgia law). Phillips involved a clause different in form from the one present here, while Tuggle concerned one essentially identical. The various clauses attempting to exclude medical payments under medical payments coverage from awards under UM coverage are discussed along with many of the pertinent cases in Note, "Uninsured Motorist Coverage  Validity Of Medical Setoff Clause," 38 Mo. L. Rev. 346 (1973). It appears that the clause here is the "standard" clause. Id. at 351. See also Risjord & Austin, Automobile Liability Insurance Cases, Standard Provisions and Appendix, at 289 (Supp. 1970), where the standard provisions for UM coverage are printed in full.
We cannot hold that the medical payments exclusion is contrary to statute on the ground advanced in some cases  that there is a statutory requirement that UM coverage provide tort damages in full up to policy limits. This rationale is unavailable because our statute, N.J.S.A. 17:28-1.1, permits the Commissioner of Insurance to approve UM coverage provisions which provide "for payment of all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile." (Emphasis supplied).
The other major reason for rejection of the clause lies in the conclusion that it requires the UM award to be reduced by the amount of medical payments and, thus, may lead to a violation of statutorily mandated minimum coverage. As was said in Tuggle, supra;
*103 The clause on its face is one to decrease uninsured motorist coverage beneath the statutory minimum, and one which means that under certain conditions (medical benefits in excess of $10,000) there will be no uninsured motorist coverage whatever. [207 So. 2d at 675]
We cannot concur in this construction of the standard clause. Its sole intent, in our opinion, is to prevent double payment under the same policy of the same medical expenses  once under medical payments insurance and again under UM coverage. Conceptually the UM coverage may be thought of as excess to the medical payments insurance. Thus, no award may be made under UM coverage which includes any expenses paid or payable under the same policy's medical payments insurance. We reject the thought that paid or payable medical expenses are to be deducted from the UM award. It is simply that they may not be included therein. Thus, if a claimant's case, evaluated apart from paid or payable medical expenses, is worth the UM limit of liability, that limit must be paid. Hence, in an appropriate case a claimant may collect the limits of both the medical payments and UM coverages. The only interdiction is that there may be no double payment of the same expenses.
The following cases appear to be in accord with our construction of the clause in question: Miller v. Cosmopolitan Mut. Ins. Co., 33 A.D.2d 917, 307 N.Y.S.2d 592 (App. Div. 1970); Hutchison v. Hartford Acc. & Indem. Co., 34 A.D.2d 1010, 312 N.Y.S.2d 789 (App. Div. 1970); Cole v. Inland National Ins. Co., 133 Ill. App.2d 745, 273 N.E.2d 65 (App. Ct. 1971); Melson v. Illinois National Ins. Co., 1 Ill. App. 3rd 1025, 274 N.E.2d 664 (App. Ct. 1971); Connelley v. Southern Farm Bureau Cas. Co., 219 So.2d 206 (La. Ct. App. 1969); Taylor v. State Farm Mut. Automobile Ins. Co., 237 So. 2d 690 (La. Ct. App. 1970); Wittig v. United Services Automobile Ass'n, 300 F. Supp. 679 (N.D. Ind. 1969).
The foregoing discussion renders nugatory plaintiff's argument that an affirmance puts her in the position of having paid a double premium for a single benefit. Presumably the *104 prohibition against double payment of medical expenses had an impact upon the premium charges. Furthermore, under appropriate circumstances a claimant may recover both medical payment and UM coverage limits.
Since plaintiff was paid her medical expenses under the arbitration award, we affirm the judgment below in order to effectuate the policy's intent to preclude double recovery. We point out, however, that plaintiff's medical expenses were paid from an erroneous source  they should have been paid under the medical payments portion of the policy and not under the UM coverage. It will hereafter be up to the insurer to call to the attention of the arbitrator any policy provisions which prevent an award that includes medical expenses paid or payable under another coverage feature of the same policy. Failure of an insurer to make known to the arbitrator that, under policy provisions, paid or payable medical expenses may not be included in an UM award might well lead to double exposure to medical expenses. See Fisher v. State Farm Mut. Automobile Ins. Co., 243 Cal. App.2d 749, 52 Cal. Rptr. 721 (D. Ct. App. 1966). No issue has been raised by plaintiff concerning the failure of defendant to raise the nonrecoverability of medical expenses in the arbitration proceeding. Furthermore, since the issue is novel in this jurisdiction and has been the subject of divergent views elsewhere, we can justly overlook the failure to raise the exclusion in the arbitration here.
Affirmed. No costs.