135 N.J. Super. 1 (1975)
342 A.2d 547
RONALD BEEK, PLAINTIFF-APPELLANT,
v.
OHIO CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 9, 1975.
Decided June 23, 1975.
*2 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Messrs. Gelman & Gelman, attorneys for appellant (Mr. Howard M. Usdin, of counsel and on the brief).
Messrs. DeYoe, Guiney & Raziano, attorneys for respondent (Mr. Thomas M. Guiney, on the brief).
The opinion of the court was delivered by BISCHOFF, J.A.D.
This appeal presents another facet of the problem created when a person, injured by an uninsured motorist, seeks to recover under uninsured motorist (UM) endorsements available to him under two separate policies issued by different insurance carriers for the damages and losses sustained.
The procedural history and facts of this case are fully set forth in the opinion of the trial court reported at 127 N.J. Super. 187 (Ch. Div. 1974), and are only briefly restated here.
Plaintiff owned a Ford automobile insured in defendant Ohio Casualty Insurance Company (Ohio) and a motorcycle insured in Reserve Insurance Company (Reserve). Both policies of insurance contained the UM endorsement required by statute. N.J.S.A. 17:28-1.1.
*3 While riding his motorcycle plaintiff was severely injured when he was involved in a collision with an uninsured motorist. Reserve paid the $10,000 limit of its liability under its UM endorsement. Plaintiff's damages exceeded $10,000 and he made demand upon Ohio for payment under the UM endorsement of its policy. Ohio refused to pay, contending its policy contained an exclusion to coverage when a named insured was operating a vehicle owned by him but not insured under the policy issued by Ohio. Plaintiff filed a complaint against Ohio seeking a judgment directing Ohio to proceed to arbitration of plaintiff's claim. Cross-motions for summary judgment resulted in a judgment dismissing plaintiff's complaint. The trial judge held it was the legislative intent, in the enactment of N.J.S.A. 17:28-1.1, to protect the Unsatisfied Claim and Judgment Fund and that "the objective of the statutory scheme [was] not to compel UM coverage in such form as to maximize a policyholder's recovery in the uninsured motorist situation, but only to insure recovery by the insured motorist in such amount as will avoid liability on the part of the Fund." 127 N.J. Super. at 195. He concluded that the exclusion in the Ohio policy did not violate either the terms of the statute or the legislative intent and should be applied as written.
After the determination of the trial judge herein, the case of Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974), was decided. In that case Phillips, a passenger, was injured when his host's vehicle was involved in an accident with an uninsured motorist. He was paid the policy limits by the insurance carrier under the UM endorsement on the host car. His damages were in excess of that limit, and he sought recovery under the UM endorsement on the policy of his own car. His policy contained an exclusion which purported to prohibit recovery on the UM endorsement if he had recovered or had available access to uninsured motorist coverage on the vehicle he was occupying at the time of the accident. The court recognized a split among jurisdictions having statutes similar to N.J.S.A. 17:28-1.1 as to the *4 validity of such an "excess-escape" clause, but found that a majority of jurisdictions held such clauses invalid where an insured was "not seeking multiple recovery on more than one policy on cars owned by a named insured or others in his household, and provided the aggregate of all recoveries will not exceed" his damages. Id. at 288. The court on principle held that
* * * there is no persuasive warrant, in construing a statute designed to provide protection by insurance for victims of uninsured motorists, to refuse to read the statute literally when such a reading will subserve the socially desirable policy of adequate indemnification of innocent automobile accident victims. As to the literal import of the New Jersey statute there can be no doubt. It commands that "no automobile policy" [emphasis supplied] shall issue in this state unless it offers coverage for payment, within stated limits, of what an uninsured motorist would be liable for to an insured for damages for bodily injuries. Since every such policy must offer such coverage, and the statute contains no suggestion of relief from its undertaking in favor of an issuing insurer merely because another insurer had assumed the same obligation in favor of the same accident victim, the statute unambiguously grants the victim prima facie recourse to any and all policies applicable, subject to the unquestionably implicit condition that his claims in aggregate not exceed his damages. [at 292; emphasis original]
The "excess-escape" clause under the facts there presented was held "invalid and ineffective." Id. at 294. However, the court specifically observed that as to that case, it was implying no view on the result reached below. Id. at 282-283. This squarely presents to us the issue as to whether the difference between the "excess-escape" clause involved in the Phillips case and the "exclusion to coverage" clause in this case for injuries sustained while the insured is in a second-owned, nonscheduled vehicle mandates a different result.
The cases cited by the Supreme Court as illustrative of the majority holding in note 2 at 288[1], while involving "excess-escape" *5 clauses, all espouse the same theory as that expressed in Phillips, namely, that any attempt by an insurer to restrict the liability on a UM endorsement by way of the clause is repugnant to both the intent and meaning of the statute.
The cases referred to in Phillips in note 3 at 289, as expressing a contrary and minority view are factually inapposite to the facts here involved, for none of them contains a clause similar to that contained in the Ohio policy. Moreover, those cases are based on theories inconsistent with the holding of the Phillips case.
When considering whether the two clauses impose valid restrictions on the coverage afforded by the UM endorsement, we perceive no difference in principle between them. The application of the exclusionary clause sought by defendant herein is as contrary to the intent and meaning of the statute as are the "excess-escape" clauses.
We recognize the fact that plaintiff is "seeking multiple recovery on more than one policy" on vehicles owned by him, while plaintiff in Phillips sought multiple coverage on UM endorsements where one policy covered a vehicle owned by him and the second policy was on the vehicle owned by his host driver. Id. at 288. This distinction is without significance, for the requirement for the inclusion of UM coverage applies to every policy issued in this State and the statute contains no suggestion that relief from this obligation is to be implied when a person owning two vehicles has purchased two policies of insurance from two different carriers. State Farm Mut. Auto. Ins. Co. v. McNutt, 494 F.2d 1282 (6 Cir.1974); Bass v. State Farm Mut. Auto. Ins. Co., 128 Ga. App. 285, 196 S.E.2d 485 (Ga. Ct. App. 1973), mod. 231 Ga. 269, 201 S.E.2d 445 (Ga. Sup. Ct. 1973); Crenwelge v. State Farm Mut. Auto. Ins. Co., 277 So.2d 155 (La. Ct. App. 1973); Boetner v. State Farm Mut. Ins. Co., 34 Mich. App. 510, 191 N.W.2d 741 (Mich. Ct. App. 1971).
*6 We accordingly hold that the exclusionary clause relied upon by Ohio in this case is invalid and ineffective.
The judgment entered below is reversed and the case remanded for the entry of a judgment consistent herewith.
NOTES
[1] Additional cases on the same subject are collected in the case note at 28 A.L.R.3d 55.