140 N.J. Super. 555 (1976)
357 A.2d 31
SELECTED RISKS INSURANCE COMPANY, PLAINTIFF,
v.
CHARLES C. SCHULZ, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 5, 1976.
*556 Mr. James A. Mullen, Jr. for plaintiff (Messrs. Kisselman, Deighan, Montano & Summers, attorneys).
Mr. Kenneth A. DiMuzio for defendant (Messrs. Falciani & DiMuzio, attorneys).
PEEL, J.S.C.
This matter comes before the court on remand from the Appellate Division. See Selected Risks Ins. Co. v. Schulz, 136 N.J. Super. 185 (App. Div. 1975). The issue is the validity of a set-off provision in an uninsured motorist endorsement to an automobile liability insurance policy whereby the benefit is to be reduced by sums paid as workmen's compensation. The facts of the case are set forth in the opinion of the Appellate Division.
Plaintiff Selected Risks Insurance Company (Selected Risks) contends that the theory of the law of the Unsatisfied Claim and Judgment Fund (Fund) was carried over to the uninsured motorist endorsement. Pursuant to that law an injured party's recovery from the Fund was conditioned upon a showing that the claimant had not recovered from or was not covered by a workmen's compensation carrier; that payment from the Fund was not to be made to one who had received or would receive compensation from another source. This, it is argued, was applied to uninsured motorist coverage. Although coverage is not precluded but rather is to be reduced by a set-off, the theory here is seen as being analogous to the Fund theory. The Fund, Selected Risks argues, is to be protected to the extent that the claimant has received any portion of a permissible recovery from another source, specifically, from a workmen's compensation carrier. Since the maximum recovery under the endorsement in effect at the time defendant Schulz sustained injuries *557 was $10,000, the maximum recovery should equal that $10,000 less the amount received through workmen's compensation ($8275.78), or $1724.22. In support of its position Selected Risks relies upon Shebell v. Strelecki, 104 N.J. Super. 139 (App. Div. 1969).
Selected Risks also contends that the minimal premium charged for uninsured motorist coverage reflects the nature of the coverage; that it is emergency coverage and there should be no duplication of benefit or double recovery allowed. Plaintiff asserts that the phrase "all or part of sums" contained in the uninsured motorist coverage statute, N.J.S.A. 17:28-1.1, implies that the Legislature was thinking of set-offs when the statute was passed. That the Commissioner of Banking and Insurance approved the set-off provision and the approval has not been rescinded is seen by Selected Risks as additional support for its position.
Defendant Schulz urges that the set-off provision is void as being against public policy. It is argued that a set-off reduces uninsured motorist coverage below the minimum limit mandated by statute. Further, that such a set-off discriminates against the working man by placing him in a worse position than he would have been in had he been injured by a driver insured in an amount equivalent to the statutory amount. Since a set-off operates automatically, it creates an unconscionable windfall, according to defendant, because there is no pro rata contribution by the insurer toward the cost of obtaining a workmen's compensation award. Finally, defendant notes that an injured party's losses are not fully compensated under workmen's compensation. As an example, pain and suffering is not recoverable. If a claimant had received an award equal to or greater than the maximum benefit under the endorsement, the set-off would preclude any compensation for such losses.
Defendant cites Sweeney v. Hartford Acc. & Indem. Co., 136 N.J. Super. 591 (Law Div. 1975), in support of the argument that the workmen's compensation set-off is void. *558 That case also deals with the issue of the validity of the set-off. There the claimant had received a workmen's compensation recovery of $7834.17 and the insurer sought summary judgment limiting claimant's recovery to $2165.83. The Sweeney court undertook an exhaustive review of relevant case law from other jurisdictions and concluded that the majority and more persuasive view was that the set-off was void notwithstanding the windfall or double recovery reaped by the insured.
Plaintiff Selected Risks disputes the validity of the Sweeney court's perception of the majority view. Further, it argues that the ruling in that case ignores the mandate of the Appellate Division in Silas v. Allstate Ins. Co., 129 N.J. Super. 99 (App. Div. 1974), that double recovery is to be precluded.
This court is not persuaded that a workmen's compensation set-off in an uninsured motorist endorsement is against public policy. Neither is it persuaded that plaintiff's view is accurate. Plaintiff's citation of Shebell v. Strelecki, supra, is not helpful since that case dealt with payment from the Fund and, as previously noted, a showing of no workmen's compensation coverage was a prerequisite to receiving any compensation from the Fund.
An accurate view of the public policy of this State on the issue of the validity of set-offs is that announced by McFarland v. M.C.A., 120 N.J. Super. 554 (Ch. Div. 1972), and M.C.A. v. Phillips, 66 N.J. 277 (1974), that an injured party should have access to all policies and endorsements in seeking indemnification for injuries sustained in an accident in which the claimant was an innocent party. See also, Beek v. Ohio Cas. Ins., Co., 135 N.J. Super. 1 (App. Div. 1975).
Uninsured motorist coverage and workmen's compensation coverage are two separate sources of indemnification and defendant Schulz should have access to both in seeking indemnification for his injuries. However, neither McFarland nor Phillips may be read as permitting double recovery for *559 losses sustained. In those cases the losses exceeded the $10,000 uninsured motorist endorsement limit. This is more conclusively established by the court in Silas v. Allstate Ins. Co., supra, in the context of whether a claimant can collect for medical payments under the basic policy having already been reimbursed for them under the uninsured motorist endorsement award. In that case the court denied recovery from the basic policy not because there was uninsured motorist coverage but because to permit it would have been to permit a double recovery. The Silas court said that
* * * in an appropriate case a claimant may collect the limits of both the medical payments and the UM coverages. The only interdiction is that there may be no double payment of the same expenses. [at 129 N.J. Super. 103]
The instant situation is analogous. To hold the set-off void would be to create a situation whereby the claimant, to some extent, might obtain a double recovery. To hold it valid, without more, would be to deny the claimant the access which McFarland, Phillips and Beek mandate.
The solution is to be found in an alternative argument presented by defendant Schulz which is clearly in accord with the holdings of McFarland, Phillips and Beek, as well as with Silas. The workmen's compensation award should be set-off from the total amount of claimant's damages. The uninsured motorist coverage carrier should then pay the balance of claimant's damages up to the maximum amount recoverable under the endorsement. This method provides the insured maximum access to sources of indemnification but precludes a double recovery as to any losses.
This formula, applied to the instant fact situation, necessitates a return to arbitration for a determination of defendant's total damages. Once that amount is determined, defendant's workmen's compensation award of $8275.78 should be set off from that total amount. Plaintiff insurer is then liable to pay defendant the balance of his damages up to a maximum of $10,000.