171 N.J. Super. 454 (1979)
410 A.2d 46
JURGEN MOZEE, PLAINTIFF-RESPONDENT,
v.
DARRELL L. McGHEE, LEE C. McGHEE, CHARLEY'S OTHER BROTHER AND UNITED SERVICES AUTOMOBILE ASSOCIATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 13, 1979.
Decided December 5, 1979.
*455 Before Judges BISCHOFF, BOTTER and DWYER.
Lenox, Giordano, Devlin, Delehey & Socey, attorneys for appellant United Services Automobile Association (Charles A. Delehey on the brief).
Stockman, Mancino, Marinari, Smithson & O'Donnell, attorneys for respondent (Daniel J. Graziano, Jr. and Joseph P. O'Donnell on the brief).
BY THE COURT.
This appeal presents once again a question concerning the extent of insurance coverage provided by a policy of insurance covering a New Jersey motor vehicle and containing an uninsured motorist (UM) endorsement. The procedural history of this appeal and the relevant facts are contained in the trial court opinion, reported at 161 N.J. Super. 551 (Law Div. 1978), and will be only briefly restated here.
United Services Automobile Insurance Association (United Services) issued Lee C. McGhee an automobile insurance policy covering his son Darrell L. McGhee and providing $50,000 liability coverage for bodily injury. The policy also provided uninsured motorist coverage in the amount of $15,000 for the insured and occupants of the insured vehicle, pursuant to N.J.S.A. 17:28-1.1.
Plaintiff Jurgen Mozee was a passenger in the insured vehicle on February 8, 1975 when it was operated by Darrell L. McGhee. Plaintiff contends an unidentified car emerged from a parking lot of Charley's Other Brother, causing McGhee to swerve and collide with a tree. Plaintiff was seriously injured. Following the accident United Services paid plaintiff $15,000 and obtained a release from him discharging the company's obligation to him for claims arising under the UM coverage. Plaintiff thereafter instituted suit against the McGhees and Charley's Other Brother. United Services offered plaintiff the full amount of coverage available in settlement of his claim. A dispute arose concerning *456 the extent of coverage available, United Services taking the position that it provided bodily injury coverage in the amount of $50,000 but that it is entitled to a credit of $15,000 based upon the terms of the UM endorsement and the UM release executed by plaintiff.
Plaintiff, on the other hand, contends he is entitled to recover the full bodily injury coverage plus the $15,000 previously paid under the UM endorsement. Plaintiff instituted a declaratory judgment action to resolve this dispute and it is from the judgment entered in that action in favor of plaintiff that United Services prosecutes this appeal.
We affirm. In Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974), the Supreme Court invalidated an "other insurance" exclusion contained in a UM endorsement as repugnant to the statute, N.J.S.A. 17:28-1.1, saying:
As to the literal import of the New Jersey statute there can be no doubt. It commands that "no automobile liability policy" (emphasis added) shall issue in this state unless it offers coverage for payment, within stated limits, of what an uninsured motorist would be liable for to an insured for damages for bodily injuries. Since every such policy must offer such coverage, and the statute contains no suggestion of relief from its undertaking in favor of an issuing insurer merely because another insurer had assumed the same obligation in favor of the same accident victim, the statute unambiguously grants the victim prima facie recourse to any and all policies applicable, subject to the unquestionably implicit condition that his claims in aggregate not exceed his damages. [at 292]
This court has held that any attempt by an insurer to restrict its liability on an uninsured motorist endorsement is contrary to both the intent and meaning of that statute. Beek v. Ohio Cas. Ins. Co., 135 N.J. Super. 1 (App.Div. 1975), aff'd o.b. 73 N.J. 185 (1977), and we have consistently invalidated insurance policy provisions which attempt to reduce or limit UM recoveries by monies received under the bodily injury insurance. Fernandez v. Selected Risks Ins. Co., 163 N.J. Super. 270 (App.Div. 1978); Silas v. Allstate, 129 N.J. Super. 99 (App.Div. 1974). See, also, *457 Selected Risks Ins. Co. v. Schulz, 140 N.J. Super. 555 (Ch.Div. 1976).
That the provisions of the UM endorsement are here sought to be applied to reduce the amount due under the basic automobile policy is without significance. We hold both coverages are available to a total of $65,000, so long as the actual damages sustained equal or exceed that amount. Any policy provision which seeks to avoid, limit or reduce coverage provided by a UM endorsement is void as contrary to the statute. Motor Club of America Ins. Co. v. Phillips, supra, 66 N.J. at 292.
Affirmed.