179 N.J. Super. 444 (1981)
432 A.2d 544
SELECTED RISKS INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1981.
Decided June 22, 1981.
*446 Before Judges SEIDMAN, ANTELL and LANE.
Lewis P. Dolan, Jr., argued the cause for appellant (Dolan & Dolan, attorneys; Lewis P. Dolan, Jr. on the brief).
Edmond R. Casey argued the cause for respondent (O'Donnell, McCord & Leslie, attorneys; Edmond R. Casey on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Plaintiff appeals from an order dismissing its complaint to vacate a decision of arbitrators denying it contribution from defendant of 50% of payments plaintiff made for PIP benefits on behalf of Richard W. Boland. The issue is whether an automobile policy can legally contain a provision limiting liability for PIP benefits where the injured party has another source from which PIP benefits can be obtained. We reverse.
Richard W. Boland was insured by plaintiff from July 1, 1977 to January 1, 1978 under an insurance policy which provided personal injury protection. His mother, Eunice M. Boland, was insured by defendant from April 13, 1977 to April 13, 1978 under an insurance policy which also provided personal injury protection. On July 9, 1977 Richard W. Boland was single and residing at 91 Levitt Avenue, Bergenfield, with his mother. On that date he was involved in an accident and suffered bodily injuries. He was paid by plaintiff for his medical expenses and *447 lost wages under his insurance policy. Plaintiff later discovered the existence of a policy issued by defendant to Eunice M. Boland and sought 50% contribution of the expenses paid and to be paid to Richard W. Boland.
Defendant denied coverage and refused to make contribution, relying upon the following provision in its policy:
The insurance under this endorsement does not apply: B  to bodily injury to the named insured or any relative of the named insured sustained while occupying, using, entering into alighting from a private passenger automobile, which is not an insured automobile under this policy, if he is required to maintain automobile liability insurance coverage with respect to the automobile under the New Jersey Automobile Reparation Reform Act.
Plaintiff then filed an application for arbitration pursuant to N.J.S.A. 39:6A-11 against defendant in an inter-company arbitration to recover 50% of the expenses paid and to be paid on behalf of Richard W. Boland. On November 8, 1978 the arbitrators ruled in favor of defendant and against plaintiff, stating that applicant failed to sustain the burden of proof. In the proceeding to vacate the decision of the arbitrators the trial judge held that the case was not an appropriate one for the court to substitute its judgment for that of the arbitration panel, even if the court were so inclined. The complaint was dismissed.
The primary issue here is whether the exclusion contained in defendant's insurance policy conflicts with N.J.S.A. 39:6A-1 et seq., the New Jersey Automobile Reparation Reform Act. There were no facts to be determined by the arbitrators. The issue submitted to them was solely legal.
N.J.S.A. 39:6A-4 provides in part:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile *448 of the named insured or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.
The named insured and members of his family residing in his household are afforded broader coverage under the No Fault Law than are other classes of injured persons. A reading of N.J.S.A. 39:6A-4 evidences a clear legislative intent to provide coverage to such class of persons when they sustain injury as a result of any accident involving an automobile. Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475, 480 (App.Div. 1976). That court noted that Mario A. Iavicola, formerly counsel to the New Jersey Automobile Insurance Study Commission, in his treatise, No Fault & Comparative Negligence in New Jersey (1973), commented:
The Act provides that the named insured and members of his family residing within his household enjoy personal injury protection coverage whenever any of such individuals sustain bodily injuries as a result of an automobile accident. A quick reading may result in one understating the extent of the above coverage. It is important to note that the injuries need not have been sustained by or in the named insured's automobile; coverage is extended to the named insured and relatives within the household if the bodily injuries are received as a result of any automobile accident. Therefore, if the named insured or a relative residing within his household as an occupant or operator of another person's automobile, or as a pedestrian or as an operator of a bicycle, sustains bodily injuries in an automobile accident, such injured person enjoys personal injury protection coverage under the named insured's policy.... [at 25; footnote omitted]. [144 N.J. Super. at 481].
... If the named insured or a member of his family is injured as a result of an accident involving an automobile, it makes no difference if the injured person was, at the time of the accident, riding in a car or on a bicycle, motorcycle, truck, snowmobile, ... or bus. Such is the plain language of the statute." Harlan v. Fidelity & Cas. Co., 139 N.J. Super. 226, 229 (Law Div. 1976).
In Fellippello v. Allstate Ins. Co., 172 N.J. Super. 249 (App.Div. 1979), the court noted that
... both our Supreme Court and this court have consistently held that any attempt by an insurer to limit or restrict its liability on an uninsured motorist endorsement is contrary to both the intent and meaning of that statute, N.J.S.A. 17:28 1.1; Motor Club of America v. Phillips, supra; Beek [Beek] v. Ohio Cas. Ins. Co., 135 N.J. Super. 1 (App.Div. 1975), aff'd o.b. 73 N.J. 185 (1977), and we have consistently invalidated insurance policy provisions which attempt to reduce or limit uninsured motorist recoveries by monies received under bodily injury insurance policy provisions. Fernandez v. Selected Risks Ins. Co., 163 N.J. Super. *449 270 (App.Div. 1978), certif. granted 79 N.J. 488 (1979), cross-petition for certif. den. 79 N.J. 489 (1979); Silas v. Allstate, 129 N.J. Super. 99, (App.Div. 1974). See, also, Selected Risks Ins. Co. v. Schulz, 140 N.J. Super. 555 (Ch.Div. 1976). This same approach and reasoning is fully applicable to policy provisions providing statutorily mandated PIP coverage. N.J.S.A. 39:6A-4. [172 N.J. Super. at 262].
N.J.S.A. 39:6A-4 provides in part that every automobile liability insurance policy insuring an automobile shall provide additional coverage for the payment of benefits without regard to negligence, liability or fault of any kind to the named insured and members of his family residing in his household who sustain bodily injury as a result of an accident involving an automobile.
The statute is clear on its face. There are no exceptions from this coverage and there are no provisions here for relegating one insurer to a classification as the primary insurer and another as a secondary insurer. As noted in Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974):
The Legislature must be deemed to have been cognizant that an individual frequently becomes an "insured", named or otherwise included, in more than one automobile liability policy (as here), and thus to have contemplated, when commanding an offer of UM protection to "the insured" in every liability policy issued, that an injured person might have UM recourse on more than one policy. Had that result not been intended, we would expect to find its negation expressed in the statute. [at 292]
Here, the Legislature must be deemed to have been cognizant that an individual may have his or her own insurance and be residing at home with his or her parents having their own automobile insurance and to have contemplated that there would be recourse on more than one policy. Had the Legislature intended that one insurer would be primary and the other secondary, this would have been expressed in the statute. That the Legislature did not intend such a procedure can be seen from the language of N.J.S.A. 39:6A-11 which provides as follows:
If two or more insurers are liable to pay benefits under sections 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in sections 4 and 10 if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.
*450 Where insurance policy provisions conflict with the coverage required by statute, they are inapplicable and the policy is deemed amended to conform to the statutory standards. Vicari v. Nationwide Ins. Co., 174 N.J. Super. 463, 468 (App.Div. 1980); Fellippello v. Allstate Ins. Co., supra, 172 N.J. Super. at 261; Selected Risks Inc. Co. v. Zullo, 48 N.J. 362, 373 (1966).
Personal injury protection coverage should be given the broadest application consistent with the statutory language. Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90 (1981).
Defendant's insurance policy provision conflicts with the statutory mandate by attempting to utilize an "escape" clause. This it cannot do under the language of N.J.S.A. 39:6A-11, which specifically provides that the insurers share the costs on a pro rata basis. Any attempt by an insurance company to dilute or diminish statutory provisions applicable to its contract of insurance is contrary to public policy. Pasterchick v. Insurance Co. of No. America, 150 N.J. Super. 90, 94 (App.Div. 1977).
Plaintiff maintains that the conclusion of the arbitrators was obviously a mistake because they did not consider any factual matters which would lend themselves to a decision that it failed to sustain the burden of proof. Plaintiff contends there was no burden placed upon it to prove any facts. Review of a decision by arbitrators is limited by N.J.S.A. 2A:24-8, which provides in part:
The court shall vacate the award in any of the following cases:
a. Where the award was procured by corruption, fraud or undue means;
....
d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
In Ukrainian Nat. Urban Renewal v. Muscarelle, Inc., 151 N.J. Super. 386 (App.Div. 1977), certif. den. 75 N.J. 529 (1977), the court noted that the "undue means" criteria of N.J.S.A. 2A:24-8(a) had been the subject of changing judicial interpretation. It said that its decision in Brooks v. Pa. Mfrs. Ass'n Ins. Co., 121 N.J. Super. 51 (App.Div. 1972), mod. on other grounds 62 N.J. 583 (1973).

*451 ... created a presumption that an arbitrator intended to apply a legal rule when the record did not affirmatively show his intention to ignore the legal rule. Brooks v. Pa. Mfrs. Ass'n Ins. Co., supra, 121 N.J. Super. at 54-55. Under the principles announced in Brooks, the reviewing court examines the legal foundation of an arbitration award if the record yields no affirmative indication that the arbitrator did not rely upon the applicable legal rule. In re Arbitration Between Mary & William Harris v. Security Ins. Group, 140 N.J. Super. 10, 15 (App.Div. 1976); Harsen, supra, 132 N.J. Super. at 372. In making this review, however, the courts remain mindful that "arbitration should be an end to litigation, not the beginning of it," Collingswood Hosiery Mills v. Am.Fed. of Hosiery Wkrs., supra, 31 N.J. Super. at 473 and overturn an award only when the arbitrator's error is clear. Harsen, supra, 132 N.J. Super. at 373. [151 N.J. Super. at 400-401]
The "exceeds their powers" test of N.J.S.A. 2A:24-8(d) has consistently been construed to require the reviewing court to determine whether the interpretation of the contractual language contended for by the parties seeking arbitration is reasonably debatable in the minds of ordinary laymen. If a debatable question exists, the reviewing court is bound by the arbitrators' decision. Ukrainian Nat. Urban Renewal v. Muscarelle, Inc., supra, 151 N.J. Super. at 398.
An arbitrators' award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action. Kearny PBA Local # 21 v. Kearny, 81 N.J. 208, 221 (1979). In a concurring opinion, Justice Pashman stated that nowhere are courts authorized to vacate arbitral awards merely because the arbitrators' decision is not based upon substantial credible evidence present in the record. Id. at 226.
The controlling factor for the arbitrators was the express language of N.J.S.A. 39:6A-4 and N.J.S.A. 39:6A-11. An arbitrators' award will be vacated if either mistaken as to applicable law or if the findings were contradictory. Perez v. American Bankers Ins. Co. of Florida, 81 N.J. 415, 420 (1970). Here, it is clear that the arbitrators did not follow the applicable law and therefore the award will be vacated.
The matter is remanded to the trial court for the entry of judgment on remand in accordance with this opinion vacating *452 the arbitrators' award, entering judgment for plaintiff in the amount of 50% of the PIP payments it has made on behalf of Richard W. Boland and ordering defendant to contribute semi-annually 50% of all payments made by plaintiff on behalf of Richard W. Boland for PIP benefits during the preceding six months. The trial court will fix a reasonable attorney's fee for plaintiff's attorneys under R. 4:42-9 for services performed before the arbitrators and in the trial court. Plaintiff's attorneys may apply within ten days by motion for an attorney's fee in this court. R. 2:11-4.
Costs will be taxed for plaintiff. Jurisdiction is not retained.