188 N.J. Super. 614 (1983)
458 A.2d 142
CATHERINE FORD AND SANDRA D. HICKMAN, PLAINTIFFS,
v.
WALTER WEISMAN AND SELECTED RISKS INSURANCE COMPANY, DEFENDANTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS,
v.
ALLSTATE INSURANCE COMPANY, THIRD-PARTY DEFENDANT-RESPONDENT, AND CAMDEN FIRE INSURANCE COMPANY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1983.
Decided February 28, 1983.
*615 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Montano, Summers, Mullen & Manuel, for appellants (Timothy J. Higgins of counsel and on the brief).
Green & Lundgren, attorneys for respondent (Peter P. Green of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Pursuant to leave granted by this court, defendants and third-party plaintiffs Walter Weisman (Weisman) and Selected Risks Insurance Company (Selected Risks) appeal from an order of the Law Division denying their motion for reconsideration of a summary judgment entered in favor of third-party defendant Allstate Insurance Company (Allstate). The summary judgment declared that Selected Risks was solely liable to plaintiffs Catherine N. Ford (Ford) and Sandra D. Hickman (Hickman) for personal injury protection (PIP) benefits under its policy of insurance covering plaintiffs' automobile and that Allstate's insurance policy covering another automobile owned by Ford did not apply by virtue of the exclusionary clause contained therein.
The facts are not in dispute. Ford and Hickman were the owners of an automobile that Ford was operating and in which Hickman was a passenger when it collided with an automobile owned and operated by Weisman. Both automobiles were covered by policies of insurance issued by Selected Risks. During pretrial discovery, it was learned that Ford owned a second *616 vehicle, which was covered by a policy of insurance issued to her by Allstate. Selected Risks then filed a third-party complaint against Allstate, seeking a declaration that Allstate, and not Selected Risks, was primarily liable for Ford's personal injury protection benefits.
Allstate moved for summary judgment against Selected Risks, relying on the following exclusionary clause contained in its policy of insurance issued to Ford:
[Basic personal injury protection] does not apply:
........
2. to bodily injury to the named insured or any relative of the named insured sustained while occupying, using or entering into or alighting from a private passenger automobile which is not an insured automobile under this policy, if he is required to maintain automobile liability insurance coverage with respect to the automobile under the New Jersey Automobile Reparation Reform Act; ...
Selected Risks argued that Allstate's exclusionary clause was contrary to public policy because it conflicted with the mandatory coverage required by N.J.S.A. 39:6A-4. This statute provides in part that every liability policy that insures an automobile shall provide additional coverage for the payment of benefits without regard to negligence, liability or fault of any kind to the named insured and members of his family residing in his household who sustain bodily injury as a result of an accident involving an automobile.
At the time this motion was decided we had held in Fellippello v. Allstate Ins. Co., 172 N.J. Super. 249 (App.Div. 1979), that a clause in an insurance contract that excludes from basic personal injury protection bodily injury sustained in an accident outside New Jersey is void because it conflicts with the coverage required by N.J.S.A. 39:6A-4. Despite this precedent, the trial judge granted Allstate's motion for summary judgment, concluding that Fellippello was distinguishable and that N.J.S.A. 39:6A-4 did not make Allstate liable for any of Ford's personal injury protection benefits. Selected Risks did not seek leave to appeal, and the time for seeking such leave is long past.
*617 Following the entry of summary judgment, we held, in Selected Risks Ins. Co. v. Allstate Ins. Co., 179 N.J. Super. 444 (App. Div. 1981), certif. den. 88 N.J. 489 (1981), that the same exclusionary clause here involved was invalid and against public policy. In reaching this conclusion, we reasoned as follows:

N.J.S.A. 39:6A-4 provides in part that every automobile liability insurance policy insuring an automobile shall provide additional coverage for the payment of benefits without regard to negligence, liability or fault of any kind to the named insured and members of his family residing in his household who sustain bodily injury as a result of an accident involving an automobile.
The statute is clear on its face. There are no exceptions from this coverage and there are no provisions here for relegating one insurer to a classification as the primary insurer and another as a secondary insurer. As noted in Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974):
The Legislature must be deemed to have been cognizant that an individual frequently becomes an "insured", named or otherwise included, in more than one automobile liability policy (as here), and thus to have contemplated, when commanding an offer of UM protection to "the insured" in every liability policy issued, that an injured person might have UM recourse on more than one policy. Had that result not been intended, we would expect to find its negation expressed in the statute. [at 292]
Here, the Legislature must be deemed to have been cognizant that an individual may have his or her own insurance and be residing at home with his or her parents having their own automobile insurance and to have contemplated that there would be recourse on more than one policy. Had the Legislature intended that one insurer would be primary and the other secondary, this would have been expressed in the statute. That the Legislature did not intend such a procedure can be seen from the language of N.J.S.A. 39:6A-11 which provides as follows:
If two or more insurers are liable to pay benefits under sections 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in sections 4 and 10 if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.
Where insurance policy provisions conflict with the coverage required by statute, they are inapplicable and the policy is deemed amended to conform to the statutory standards. Vicari v. Nationwide Ins. Co., 174 N.J. Super. 463, 468 (App.Div. 1980); Fellippello v. Allstate Ins. Co., supra, 172 N.J. Super. at 261; Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373 (1966).
Personal injury protection coverage should be given the broadest application consistent with the statutory language. Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90 (1981).
Defendant's insurance policy provision conflicts with the statutory mandate by attempting to utilize an "escape" clause. This it cannot do under the language *618 of N.J.S.A. 39:6A-11, which specifically provides that the insurers share the costs on a pro rata basis. Any attempt by an insurance company to dilute or diminish statutory provisions applicable to its contract of insurance is contrary to public policy. Pasterchick v. Insurance Co. of No. America, 150 N.J. Super. 90, 94 (App.Div. 1977). [179 N.J. Super. at 449-450]
Selected Risks then moved in this case for relief from the summary judgment entered in favor of Allstate. The trial judge found that Selected Risks had changed the law and that, under it, Selected Risks would be entitled to contribution from Allstate. Nevertheless, the judge denied the motion on the ground that a change in the law subsequent to the grant of a summary judgment will not merit relief from the judgment if no appeal is taken. We disagree and reverse.
Selected Risk's motion for relief from the summary judgment was brought pursuant to R. 4:50-1(f), which provides:
On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
........
(f) any other reason justifying relief from the operation of the judgment or order.
The issue before us is whether relief from an interlocutory order may be granted under this rule when a change in the governing case law occurs after the time to seek leave for interlocutory appeal has passed, but before litigation has ended. Allstate contends that the answer is given by the Supreme Court's opinion in Hartford Ins. Co. v. Allstate Ins. Co., 68 N.J. 430 (1975). We disagree. The Hartford case came to the Supreme Court on certification to the Appellate Division, which had denied the plaintiff there a rehearing on the basis of a change in the governing case law after the appeal had been heard and decided. Plaintiff had not sought certification after the adverse decision on appeal. However, he sought rehearing when, some eight months later, a Supreme Court decision altered the governing case law in his favor. The Appellate Division denied the motion for rehearing, and the Supreme Court affirmed the denial. Justice Mountain, writing for the *619 court, cited "the important policy that litigation must have an end," and observed:
For all this Court knows there may be any number of other recent unappealed decisions in favor of insurers resting upon the no-recovery rule which was applied against this appellant in the court below. All would presumably be entitled to relief if appellant is so entitled. There would be no discernible basis for drawing any line in time between those to be barred and those to be relieved. [68 N.J. at 435]
Both the language and the logic of the Hartford case limit its application to relief from final judgments. The Hartford court's principal concern  that granting relief would permit the revival of cases long since terminated upon any favorable change in the law  is inapplicable when a court is asked to reconsider its interlocutory order before litigation ends. The policy that litigation must have an end is not threatened in such a case, because litigation has not yet terminated. Of course, every interlocutory order is appealable when an appeal is taken after final judgment.
Therefore, we hold that the principle of finality of judgments does not prevent a trial court from granting relief from its interlocutory orders upon a change in the governing law before litigation ends. During this time, the trial court has complete power over its interlocutory orders and may revise them when it would be consonant with the interests of justice to do so. See John Simmons Co. v. Grier Brothers Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475 (1922); 7 Moore, Federal Practice ¶ 60.16[4], at 87-88. See, also, Scheck v. Houdaille Constr. Materials, Inc., 121 N.J. Super. 335, 343-345 (Law Div. 1972). A contrary rule would wreak havoc in our appellate courts, because it would require that every litigant seek leave to appeal from every interlocutory order, to protect himself should the applicable law change before the end of litigation.
Here, Weisman's alleged negligence and the nature and extent of damages sustained by plaintiffs have yet to be litigated. Therefore, the trial judge had the power to grant relief from the interlocutory summary judgment entered in favor of Allstate, and erred in refusing to grant such relief. Accordingly, the *620 order denying Selected Risk's motion for relief from the summary judgment is reversed, and the matter is remanded to the trial court for reconsideration of the summary judgment motion in light of the principles set forth in Selected Risks Ins. Co. v. Allstate Ins. Co., supra. We do not retain jurisdiction.