283 N.J. Super. 422 (1995)
662 A.2d 567
JOSEPH MCBRIDE AND LAURIE MCBRIDE, HIS WIFE, PLAINTIFFS/APPELLANTS,
v.
RAICHLE MOLITOR, USA, DEFENDANT/RESPONDENT, AND MINSTAR, INC., TRADING AS TYROLIA, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1995.
Decided July 17, 1995.
*423 Before Judges SHEBELL and WALLACE.
Michael D. Schottland argued the cause for appellants (Schottland, Aaron & Manning, attorneys; Mr. Schottland and Nicholas C. Caliendo, on the brief).
Samuel A. DeGonge argued the cause for respondent (Law Offices of Samuel A. DeGonge, attorneys; Mr. DeGonge, of counsel; Samuel J. McNulty, on the brief).
PER CURIAM.
Following a bench trial, the court dismissed plaintiff's complaint against the sole remaining defendant Raichle Molitor, USA. The court concluded that Massachusetts law applied to plaintiffs' purchase contract for skis bought in Massachusetts from the Ski and Tennis Chalet, a retailer of Tyrolia ski products distributed in the United States by Raichle Molitor. Plaintiff Joseph McBride was injured in Massachusetts the first time he used the ski equipment. The court also found that plaintiffs had released Raichle Molitor by the execution of a release at the time of purchase.
Plaintiffs appeal from the dismissal of their complaint, urging that the trial court (1) should not have applied Massachusetts laws; (2) improperly expanded the scope of the retail agreement for which there was a lack of consideration; (3) improperly *424 released Raichle Molitor, USA from liability; and (4) erred in ruling that the retail agreement is not a contract of adhesion.
The June 29, 1994 order of dismissal is affirmed substantially for the reasons expressed by Judge Fisher in his opinion reported at 283 N.J. Super. 471, 662 A.2d 592 (Law Div. 1995).