NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2443-20

ALFRED LAWSON,

      Plaintiff-Appellant,

v.

OFFICER JEFF DEWAR,
OFFICER JANOS BOJTOS,
SERGEANT ROBERT LAVIN,
OFFICER BRIAN WERTHEIM,
OFFICER KEITH KILGORE,
SERGEANT VITO BET,
SERGEANT JOHN MAZUERA,
SERGEANT JEFFREY RAUB,
CAPTAIN KEVIN RIVENBARK,
CHIEF MICHAEL D. JANNONE,
MAYOR BOB FRAZEN,
BOROUGH OF BOUND BROOK,
and BOUND BROOK POLICE
DEPARTMENT,

      Defendants-Respondents.

_____

> **APPROVED FOR PUBLICATION**
>
> **May 27, 2021**
>
> **APPELLATE DIVISION**

Submitted May 5, 2021 – Decided May 27, 2021

Before Judges Fisher, Gilson, and Moynihan.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-8788-20.

Kevin T. Flood, attorney for appellant.

Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for respondents Sergeant Vito Bet, Sergeant John Mazuera, Sergeant Jeffrey Raub, Captain Kevin Rivenbark, Chief Michael D. Jannone, Mayor Bob Frazen, Borough of Bound Brook, and Bound Brook Police Department (Susan K. O'Connor, of counsel and on the brief).

Dwyer Connell & Lisbona, LLP, attorneys for respondent Officer Janos Bojtos (William T. Connell and Beth Connell O'Connor, on the brief).

Martin Kane Kuper, LLC, attorneys for respondents Officer Jeff Dewar, Officer Brian Wertheim, and Officer Keith Kilgore, join in the brief of respondent Officer Janos Bojtos.

Michael J. Stone, attorney for respondent Sergeant Robert Lavin, joins in the brief of respondent Officer Janos Bojtos.

The opinion of the court was delivered by

FISHER, P.J.A.D.

In summarily deciding this interlocutory appeal and vacating the order under review, we write chiefly to point out commonly misunderstood distinctions between motions seeking reconsideration of final orders and motions seeking reconsideration of interlocutory orders.

For context, we briefly recount the circumstances that have brought us here. Plaintiff filed a complaint in October 2017 in the Somerset vicinage

against the Borough of Bound Brook and numerous of its police officers alleging, under various legal theories, that he was physically beaten, at times while handcuffed, when arrested by Bound Brook police officers two years earlier.

Discovery was extended on a number of occasions and proceeded into early February 2020. Not all discovery was completed and disputes remained about some document requests and unscheduled depositions well into March 2020, when, during a case management conference, plaintiff was invited to move for, among other things: another discovery extension; the right to conduct certain depositions; reconsideration of an order barring Nestor Crespo[1] from testifying at trial because he failed to appear for a subpoenaed deposition; an amendment to the complaint to add a civil conspiracy claim; and the turnover of all use-of-force reports for all Bound Brook police officers. On May 14, 2020, the judge denied most of the relief sought but allowed additional time for an exchange of expert reports.

As presently relevant, the judge reasoned that a turnover of the use-of-force reports was barred by an earlier protective order, leave to amend was

---

[1] Crespo was arrested when plaintiff was arrested and may have witnessed the alleged assault on plaintiff.

 A-2443-20

barred because it would cause an undue delay, and the order barring Crespo from testifying was authorized by Rule 4:23-2. In June 2020, plaintiff moved for reconsideration of those three aspects of the May 14, 2020 order.

The June 2020 reconsideration motion was still pending when, for unrelated reasons, venue was transferred first to Mercer County and then to Middlesex County. The many months that elapsed before venue was finally lodged in Middlesex County, and the inability of the court to conduct a trial in this case, even now, due to the COVID-19 pandemic, have rendered illusory the Somerset judge's concern nearly a year ago about the delay additional discovery or an amendment to the complaint would have caused if plaintiff's motion were granted.

Once the case landed in Middlesex County, the pending reconsideration motion was argued on February 19, 2021. On that day, a judge new to the case rendered an oral decision and entered an order denying all relief.

Plaintiff moved for leave to appeal. We granted the motion, advising in our May 5, 2021 order that we would summarily decide this interlocutory appeal on the briefs and appendices submitted. See R. 2:11-2. For the reasons that follow, we vacate the February 19, 2021 order and remand for the trial judge's further consideration of plaintiff's motion.

In his oral decision, the judge invoked numerous legal principles and circumstances that, he said, compelled him to refuse reconsideration of the Somerset judge's earlier order:

- he was "being asked to reconsider the decision of a coequal member of the judiciary";

- "nothing new . . . [was] presented . . . that hadn't been available to [or] . . . presented to [the Somerset judge]" when deciding the matters questioned by the reconsideration motion;

- plaintiff failed to demonstrate the Somerset judge "acted in an arbitrary, capricious, or unreasonable manner";

- plaintiff failed to successfully navigate the "narrow corridor" of showing the prior decision was "based upon a palpably incorrect or irrational basis" or the Somerset judge "failed to appreciate the significance of probative, competent evidence," quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996);

- "the overlay [of] the law of the case," which the judge described as a doctrine that "instructs courts to respect . . . the rulings of a different judge . . . during the pendency of the given case unless presented by substantially different evidence, new controlling authority, or a showing that the prior ruling was clearly erroneous," citing State v. K.P.S., 221 N.J. 266, 276 (2015), and Lombardi v. Masso, 207 N.J. 517, 538 (2011), among others.

5

The judge rejected defendants' argument that the reconsideration motion was time-barred by referring to the substantial delay caused by the change in venue.

The problem with the judge's disposition lies with his application of principles relevant only when a judge is asked to reconsider a final order; these standards are incompatible with a request that an interlocutory order be reconsidered. The approach to those requests is significantly different.

We start with a frequent misconception about the time within which a motion for reconsideration of an interlocutory order can be filed. Defendants have argued that plaintiff was obligated to move for reconsideration within twenty days of the May 14, 2020 order. That is plainly wrong. Rule 4:49-2 sets a twenty-day time bar for filing motions to alter or amend "a judgment or order," a phrase that encompasses only final orders, as Judge Pressler long ago observed in Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 258-59 (App. Div. 1987). No one has or could possibly argue the May 14, 2020 order is a final order. Rule 4:49-2 has no application here.

Because Rule 4:49-2 applies only to motions to alter or amend final judgments and final orders, and doesn't apply when an interlocutory order is challenged, so too the standard described in Cummings v. Bahr – the standard cited by the trial judge that requires a showing that the challenged order was the

result of a "palpably incorrect or irrational" analysis or of the judge's failure to "consider" or "appreciate" competent and probative evidence, 295 N.J. Super. at 384 – did not apply to the motion before the trial judge. Instead, in ruling on the motion at hand, the judge should have been guided only by Rule 4:42-2 and its far more liberal approach to reconsideration, not the methodology employed when a motion is based on Rule 4:49-2.

Rule 4:42-2 declares that interlocutory orders "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice." A motion for reconsideration does not require a showing that the challenged order was "palpably incorrect," "irrational," or based on a misapprehension or overlooking of significant material presented on the earlier application. Until entry of final judgment, only "sound discretion" and the "interest of justice" guides the trial court, as Rule 4:42-2 expressly states. Nearly forty years ago, Judge Michels said for this court in Ford v. Weisman, 188 N.J. Super. 614, 619 (App. Div. 1983) that, until the suit ends, a trial court "has complete power over its interlocutory orders and may revise them when it would be consonant with the interests of justice to do so." Accord Lombardi, 207 N.J. at 536; Johnson, 220 N.J. Super. at 257-59; see also Ginsberg ex rel. Ginsberg v. Quest Diagnostics, Inc., 441 N.J. Super. 198, 248-49 (App. Div.

2015), aff'd o.b., <u>Ginsberg v. Quest Diagnostics, Inc.</u>, 227 N.J. 7 (2016); <u>Akhtar v. JDN Props. at Florham Park, LLC</u>, 439 N.J. Super. 391, 399-400 (App. Div. 2015); <u>Johnson v. Benjamin Moore & Co.</u>, 347 N.J. Super. 71, 82 (App. Div. 2002); <u>Hart v. City of Jersey City</u>, 308 N.J. Super. 487, 497-98 (App. Div. 1998).[2] By invoking <u>Cummings</u>, the trial judge applied the wrong standard in denying plaintiff's motion.

The judge further erred by giving undue deference to the interlocutory rulings of the Somerset judge. If a prior judge has erred or entered an order that has ceased to promote a fair and efficient processing of a particular case, the new judge owes respect but not deference and should correct the error. <u>See</u> <u>McBride v. Minstar, Inc.</u>, 283 N.J. Super. 471, 481 (Law Div. 1994), <u>aff'd o.b.</u>, <u>McBride v. Raichle Molitor, USA</u>, 283 N.J. Super. 422 (App. Div. 1995). The polestar is always what is best for the pending suit; it is better to risk giving offense to a colleague than to allow a case to veer off course.

Similarly, the law of the case doctrine has no bearing when a party seeks reconsideration of interlocutory discovery orders. In writing for the Supreme

---

[2] <u>Ford</u> relied on <u>John Simmons Co. v. Grier Bros. Co.</u>, 258 U.S. 82, 88 (1922), where Justice Mahlon Pitney – a former Chancellor of New Jersey – recognized the inherent power of a trial court to modify or rescind an interlocutory order "at any time before final decree."

Court, Justice Long recognized the law of the case doctrine "is only triggered when one court is faced with a ruling <u>on the merits</u> by a different and co-equal court on an identical issue." <u>Lombardi</u>, 207 N.J. at 539 (emphasis added). In support, <u>Lombardi</u> cited <u>Gonzalez v. Ideal Tile Importing Co., Inc.</u>, 371 N.J. Super. 349, 356 (App. Div. 2004), <u>aff'd o.b.</u>, 184 N.J. 415 (2005), where we held in similar circumstances that the law of the case doctrine does not obligate a court to "slavishly follow an erroneous or uncertain interlocutory ruling." Interlocutory rulings are "not considered 'law of the case'" and are "always subject to reconsideration up until final judgment is entered." <u>Lombardi</u>, 207 N.J. at 539 (citing <u>Johnson</u>, 220 N.J. Super. at 257).

We observe as well there is nothing in our jurisprudence to suggest reconsideration of an interlocutory order is prohibited unless the movant can provide something "new" or unless the prior judge acted in an "arbitrary, capricious or unreasonable" manner. To the extent it may be discerned from their submissions that defendants rely on these obstacles mistakenly erected by the judge in denying relief, we find their arguments to be without sufficient merit to warrant further discussion. <u>R.</u> 2:11-3(e)(1)(E).

In the final analysis, we urge judges not to view reconsideration motions as hostile gestures. To be sure, some are frivolous, vexatious or merely

repetitious, and some constitute an unwarranted attempt to reverse matters previously decided solely because the prior judge is no longer available. But some reconsideration motions – those that argue in good faith a prior mistake, a change in circumstances, or the court's misappreciation of what was previously argued – present the court with an opportunity to either reinforce and better explain why the prior order was appropriate or correct a prior erroneous order. Judges should view well-reasoned motions based on Rule 4:42-2 as an invitation to apply Cromwell's rule: "I beseech you . . . think it possible you may be mistaken." The fair and efficient administration of justice is better served when reconsideration motions are viewed in that spirit and not as nuisances to be swatted aside.[3]

Because the judge applied the wrong standards when ruling on plaintiff's reconsideration motion, we vacate the February 19, 2021 order and remand for the trial judge's further consideration of plaintiff's motion and his exercise of sound discretion in determining whether any of the challenged interlocutory rulings serve, in the words of Rule 4:42-2, "the interest of justice."

---

[3] We should point out that this was not the trial judge's approach. He attentively listened to the parties and exhibited a full understanding of the case and the arguments presented. He simply applied the wrong standards in denying relief.

10

We offer the following comments for guidance about the part of the motion that concerns the bar on Crespo's trial testimony. First, the Somerset judge mistakenly relied on Rule 4:23-2, which applies only to parties who refuse to be sworn or answer a question after being directed to do so, and only to parties who fail to provide discovery after being ordered to do so. Crespo is not a party. The failure of a non-party to comply with a subpoena falls within the ambit of Rule 1:9-5, which declares that a person's "[f]ailure without adequate excuse to obey a subpoena . . . may be deemed a contempt of court."

Rule 1:9-5 presupposes an approach that doesn't sanction the parties but instead calls for an order designed to compel the recalcitrant person's compliance. A proper motion would have sought an order both finding Crespo in civil contempt and containing other directions designed to compel his future appearance. Defendant's motion, however, appears not to have even been served on Crespo,[4] so he was never given a chance to explain why he did not appear or, if he had no excuse, a chance to comply and purge himself of his contempt.

Further, it is fair to assume Crespo has not felt coerced by the order if he is even aware of it; the order simply bars his trial testimony. The Somerset

---

[4] The proof of mailing appended to the motion to bar his trial testimony reveals that the movant neither served nor attempted to serve Crespo with the motion.

judge's order didn't motivate Crespo to comply; the judge took Crespo off the hook and allowed the burden of his contempt to fall on whichever party may have benefitted from his trial testimony. When the trial judge takes up again the reconsideration motion, he should consider that the disposition of the original Crespo motion should be driven by a desire to compel Crespo's compliance. See, e.g., Catena v. Seidl, 65 N.J. 257, 262 (1974). The judge should consider what is gained by perpetuating an order forbidding Crespo from testifying and whether any party would be prejudiced if the order was vacated and replaced with an order designed to compel Crespo's compliance with the subpoena.

We also point out the possibility that the issue may still have to be considered even if, after reconsideration, the Crespo order remains in place. For example, if a party is ultimately able to secure Crespo's appearance at trial, the court would still be required to revisit the matter because of the court's overriding interest in searching for the truth. See Graham v. Gielchinsky, 126 N.J. 361, 371-72 (1991). If Crespo has personal knowledge of facts relevant to the case, his failure to previously appear for a deposition should not shut the door to the presentation of that relevant evidence absent undue prejudice to the parties. If he were to suddenly appear at trial, the judge would be called on to exercise discretion and determine whether any prejudice caused by the

circumstances may be ameliorated. It is not uncommon in these instances for a trial judge to require that the previously unavailable witness undergo a deposition during a break in the trial prior to his taking the stand.

In reconsidering the order barring Crespo's trial testimony, the judge should weigh all relevant factors and consider whether the order's perpetuation serves the ultimate goal of the fair and efficient administration of justice. R. 1:1-2(a); A.T. v. Cohen, 231 N.J. 337, 351-52 (2017); Ragusa v. Lau, 119 N.J. 276, 283-84 (1990).

We lastly point out that the Somerset judge denied other aspects of plaintiff's prior motion by way of the May 14, 2020 order because of a concern about the delay that the relief sought would cause. Unfortunately, despite those intentions, the matter has been delayed for nearly a year by both a slow-moving change of venue and the COVID-19 pandemic. Due to the cessation of most civil jury trials over the past year, the judge now should consider not only the merit of the parties' arguments but whether a brief delay caused by the additional discovery or by an amendment of the complaint will further delay the trial of this case. Undoubtedly, the court has a long queue of trial-ready cases to be dealt with once civil jury trials are resumed. In ruling on the reconsideration motion, the judge should assess when this case might realistically be sent out to

trial. Once that is ascertained, the judge should then determine whether any of the relief plaintiff seeks will delay the trial.

Vacated and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14