NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0057-25

MARCOS D. DOGLIO,

      Plaintiff-Respondent,

v.

BOASSO AMERICA
CORPORATION,

      Defendant-Appellant,

and

ERIC MOLINA and JOHN
DOWNEY,

      Defendants.

_____

> **APPROVED FOR PUBLICATION**
> **May 4, 2026**
> **APPELLATE DIVISION**

      Argued February 4, 2026 – Decided May 4, 2026

      Before Judges Smith, Berdote Byrne and Jablonski.[1]

      On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6429-19.

      Darran E. St. Ange and James M. McDonnell argued the cause for appellant (Jackson Lewis PC, attorneys;

---

[1] Judge Jablonski was added to the panel after oral argument with the consent of all counsel.

James M. McDonnell, Patrick D. Laconi, and Darran E. St. Ange, on the briefs).

Ravi Sattiraju argued the cause for respondent (Sattiraju & Tharney, LLP, attorneys; Ravi Sattiraju, of counsel and on the brief; Carole Lynn Nowicki, on the brief).

The opinion of the court was delivered by

BERDOTE BYRNE, J.A.D.

In this appeal, we are asked to address whether the Rules of Court permit a trial court to sua sponte vacate its order denying reconsideration of a final order granting summary judgment pursuant to Rule 4:49-2.

Plaintiff Marcos D. Doglio filed a complaint pursuant to the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14, alleging defendant, Boasso America Corporation, retaliated against him after he reported violations of state and federal law. At the summary judgment stage, the issue before the trial court was whether plaintiff met the definition of "employee" for purposes of CEPA.

Boasso appeals from two orders. First, the court vacated, sua sponte, its denial of plaintiff's motion for reconsideration of its grant of summary judgment in Boasso's favor. Next, the court denied Boasso's subsequent motion for reconsideration. On appeal, Boasso argues the trial court lacked authority to sua sponte reconsider its grant of summary judgment for defendant

and the order denying plaintiff's reconsideration motion because <u>Rule</u> 4:49-2 expressly requires a party to move before the court to reconsider a final judgment. After careful review, we reverse. Despite its best intentions, the trial court did not have authority to act sua sponte pursuant to the rule. <u>Rule</u> 4:49-2 does not allow the court to reconsider the denial of a final order denying reconsideration.

## I.

On September 3, 2019, plaintiff sued Boasso, Eric Molina, and John Downey, asserting claims pursuant to CEPA. Plaintiff, a truck driver, alleged, notwithstanding his execution of an "Independent Contractor Service Agreement," Boasso was his "employer" and he was Boasso's "employee" pursuant to the definitions of CEPA. Plaintiff claimed he had reported alleged violations of Occupational Safety and Health Administration regulations, United States Department of Transportation regulations, and New Jersey wage laws to Boasso. After reporting these concerns, he alleged Boasso retaliated against him by, among other things, decreasing the amount of work assigned to him.

Boasso moved for summary judgment, contending plaintiff, as an independent contractor, could not invoke CEPA's protections. On January 29,

A-0057-25

2025, the court granted summary judgment in favor of Boasso in a detailed and

thoughtful opinion and dismissed all claims with prejudice. It reasoned:

> The factors in [Pukowsky v. Caruso, 312 N.J. Super. 171 (App. Div. 1998)] analyzed under the facts herein demonstrate the lack of the requisite relationship to find Plaintiff[] as an employee. Of import to the multifactor test, the court highlights that the parties intended for Plaintiff to be an independent contractor. Moreover, his work was not subject to a high degree of supervision. The Plaintiff also owned and controlled the vehicle used to provide the transportation services and was responsible for the expense items/costs of doing business. He retained authority to (1) accept or reject offered work; (2) negotiate pay rates for trips offered; (3) select routes and specific means for making trips; (4) employ others to assist; (5) retain ownership and control of the vehicle; (6) decide where to store his vehicle; (7) select rest, gas, and oil stops; (9) determine where the vehicle was to be repaired; and (10) determine his own work hours.
>
> . . . .
>
> The court notes that Plaintiff argues that Boasso exercised supervision over plaintiff. Even granting this factor, the court notes that the remainder of the factors argued by Plaintiff do not compel a finding that he was an employee. That the Plaintiff possessed the same type of skill as Boasso's employee-drivers would seemingly create a massive expansion of the definition of employee in cases involving independent contractors and would likely be an exception that swallows the rule. Also, even if Boasso furnished most of the equipment and the terminal, the Plaintiff provided his own equipment to satisfy his requirements. The time frame of the relationship is likewise not dispositive. Plaintiff already argues that

A-0057-25

> the method of payment, leave, and benefits are not dispositive. Moreover, while Plaintiff argues that Boasso effectively terminated plaintiff's work by failing to provide assignments, the Plaintiff was likewise free to accept or reject work from the Defendant.

Plaintiff moved for reconsideration of the January 29, 2025 order granting summary judgment to defendant pursuant to Rule 4:49-2. Boasso opposed the application. On April 8, 2025, the trial court denied the motion. In doing so, it relied upon Rule 4:42-2, which governs interlocutory orders—not final orders. See Lawson v. Dewar, 468 N.J. Super. 128 (App. Div. 2021).

Fifteen days later, on April 23, 2025, the trial court augmented its April 8 order, filing an additional order and statement of reasons[2] reiterating the denial of plaintiff's motion for reconsideration, and again relying upon Rule 4:42-2. In the April 23, 2025 order the trial court stated: "[T]he court incorporates this statement of reasons as an addendum to the prior statement of reasons and stands by its findings of fact and conclusions of law. . . . [Plaintiff's] motion for reconsideration is [again] denied."

Five days later—on April 28, 2025—the trial court issued a sua sponte order pursuant to Rule 4:49-2 and Rule 1:1-2(a), vacating both the summary

---

[2] The court's augmentation is permissible pursuant to Rule 1:7-4(b), which allows a trial court to augment or amend findings of fact, although the court made no reference to that rule.

A-0057-25

judgment order in favor of defendant and the April 23 supplemental denial of reconsideration order. Without notifying the parties and giving them an opportunity to be heard, it reinstated plaintiff's complaint, acknowledging it had relied too heavily on unfavorable portions of plaintiff's testimony while ignoring other evidence in the record:

> The [c]ourt starts by noting that, while this was an adjudication of the motion for summary judgment and the motion for reconsideration, that adjudication, upon reflection, was flawed from the perspective of the court.
>
> The court notes that the determination of employment status is a question of fact, and not a question of law. D'Annunzio v. Prudential Ins. Co. of Am., 383 N.J. Super. 270, 294-95 (App. Div. 2006)[, aff'd as modified, 192 N.J. 110 (2007)]. The court erred in relying upon the testimony of the plaintiff to the exclusion of other evidence in this matter[,] rendering those decision[s] predicated upon an incorrect basis. While there may have been logic to the court's approach, for purposes of summary judgment, the court may not engage in rankings or the weighing of evidence. At the summary judgment stage of litigation, a court is viewing all of the evidence in the light most favorable to the plaintiff. Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995). Here, the court ranked the evidence as to the plaintiff as having greater weight than other evidence in the record. This was plainly a violation of Brill and, upon reconsideration, the court admits its error and reverses its prior decisions given all of the evidence in this record.
>
> For example, while there is conflicting evidence as to the defendant's control, the court erred by

A-0057-25

focusing on only portions of the plaintiff's testimony. While the court focused upon the plaintiff's testimony, the court discounted the testimony of others, including the defendant's terminal manager. Thus, whether the plaintiff was subject to the requisite amount of control must be a question for the jury given the conflicting testimony. The court erred in prioritizing those portions of the plaintiff's testimony to the exclusion of other evidence in the record. The same applies to the provision of supplies and services (and service schedule) and economic dependence by the defendant.

While a finder of fact may prioritize and assign greater weight to the plaintiff's testimony, as the court did, that is not the province of the court on a motion for summary judgment. Therefore, the court hereby reverses itself as to the grant of summary judgment and the denial of reconsideration. Those prior orders are vacated and the motion for summary judgment is denied.

The trial court denied Boasso's subsequent motion for reconsideration, reasoning that although reconsideration had been denied and reiterated in two separate orders, because the court "sua sponte reconsidered its own order prior to the expiration of the [twenty] days for a motion for reconsideration, . . . [there was] no procedural deficiency [in] correcting its own error within [that] time frame." In its order, the court cited both Rule 4:49-2 and to caselaw interpreting Rule 4:42-2, using them interchangeably. We granted Boasso's request to file an interlocutory appeal.

7

A-0057-25

## II.

We review a trial judge's decision to grant or deny a motion for reconsideration of a final order pursuant to Rule 4:49-2 for an abuse of discretion, Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021), which occurs when "a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

We note there has long existed confusion regarding the applicability of Rule 4:42-2, which governs reconsideration of interlocutory orders, and Rule 4:49-2, which controls reconsideration of final orders. See Lawson, 468 N.J. Super. at 131 ("[W]e write chiefly to point out commonly misunderstood distinctions between motions seeking reconsideration of final orders and motions seeking reconsideration of interlocutory orders."). We write today to reduce this confusion.

Rule 4:49-2 provides that a party may move for "reconsideration seeking to alter or amend a judgment or final order [no] later than 20 days after service of the judgment or order upon all parties by the party obtaining it." A timely filed Rule 4:49-2 motion tolls the time to appeal the judgment until the trial court disposes of the motion. R. 2:4-3(e). A reconsideration motion brought

pursuant to Rule 4:49-2 "is primarily an opportunity to seek to convince the court that either 1) it has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)).

In this case, summary judgment was granted in favor of defendant on January 29, 2025. Pursuant to Rule 4:49-2, plaintiff timely moved for reconsideration on February 18, which the court denied first on April 8, and again on April 23. Five days later, and eighty-nine days after the final order granting summary judgment, without notifying the parties, the trial court vacated its April 23 order on its own, and granted plaintiff's motion for reconsideration, thereby vacating the January 29, 2025 grant of summary judgment in favor of defendant and reinstating plaintiff's complaint.

We note trial courts have considerable freedom to self-correct decisions that they might consider incorrect—and we strongly encourage the appropriate exercise of that discretion. When trial judges believe they have made mistakes in their legal analysis or factual application, they may act on their own motion, provided the parties are informed of this contemplated action. This oversight is entirely appropriate and expected. Our court rules recognize mistakes will

A-0057-25

be made and wisely do not leave all errors to be caught by the net of appellate review but instead incorporate procedures permitting the correction of errors in the trial court, once realized. By way of example, Rule 1:1-2 provides: "Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." Rule 1:7-4(b) states: "On motion made not later than 20 days after service of the final order or judgment upon all parties by the party obtaining it, the court . . . may amend the final order or judgment." And Rule 4:42-2 permits the correction of interlocutory orders at any time prior to final judgment without limitation in "the interest of justice."

However, we distinguish interlocutory orders, which may be self-corrected by the court at any time before final judgment, and final orders, which must comply strictly with the Rules of Court to ensure finality of proceedings and appropriate timeframes for appellate review. See Lawson, 468 N.J. Super. at 134 (noting interlocutory orders are "guided only by Rule 4:42-2 and its far more liberal approach to reconsideration, not the methodology employed when a motion is based on Rule 4:49-2"); Lombardi v. Masso, 207 N.J. 517, 537 (2011) (stating the "entitlement to change a prior ruling in the interests of justice is what distinguishes an interlocutory order from a final judgment").

A-0057-25

With respect to final orders, we balance the trial court's earnest attempt at self-correction with the parties'—and the court's—need for finality. The concept of finality in litigation is essential to parties and to the sound administration of our courts. Rule 4:49-2 permits motions for reconsideration of final orders or judgments only within twenty days of their entry. The timeframe cannot be enlarged by the court nor with the consent of the parties. Rule 1:3-4(c) unequivocally states: "Neither the parties nor the court may . . . enlarge the time specified by . . . [Rule] 4:49-2." This non-enlargeable deadline is immutable. Even Rule 1:1-2's allowance of the relaxation of any court rule in the interest of justice is proscribed by Rule 1:3-4(c)'s express prohibition of the enlargement of Rule 4:49-2's twenty-day deadline. See R. 1:1-2(a) ("Unless otherwise stated, any rule may be relaxed or dispensed with . . . ." (emphasis added)).

Rule 4:49-2 promotes principles of finality and prohibits reconsideration of a final order denying reconsideration, whether on the motion of the court or a party. Plaintiff's reliance on Lombardi is misplaced, as that case involved a motion for reconsideration of an interlocutory order pursuant to Rule 4:42-2, which is inapplicable here.

Because the order in question was final, Rule 4:49-2 controls. We conclude neither plaintiff, by motion, nor the trial court, on its own initiative,

11

A-0057-25

was permitted by <u>Rule</u> 4:49-2 to vacate the April 23 order denying reconsideration to plaintiff. The denial of a motion for reconsideration does not create a new final judgment that is itself subject to a successive motion for reconsideration pursuant to <u>Rule</u> 4:49-2.

In denying defendant's motion to reconsider its April 28 order, the court noted "that a final judgment was entered . . . [and] the court caught its error less than a week after the entry of the prior order, well within the 20 days for a period of reconsideration [pursuant to <u>Rule</u> 4:49-2]." This analysis is incorrect because the twenty days began to run from entry of the final order—the order granting summary judgment—not from the date of the last order. Additionally, plaintiff posited he could have filed a second motion for reconsideration had the court not acted on its own: "There's nothing in the rules -- to answer your question, there's nothing in the rules that would've prohibited me from filing a second motion for reconsideration. There was nothing in the rules that would infringe anybody from doing that."

Plaintiff's argument is inconsistent with the mandate and the underpinnings of our court rules. If multiple motions for reconsideration of final orders were permitted by our courts, any party could continually file <u>Rule</u> 4:49-2 motions challenging the previous denial, leaving final judgments

A-0057-25

uncertain and open to revision far beyond the twenty-day time limit prescribed in Rule 4:49-2.

Once a trial court enters an order of final judgment, parties are entitled to rely upon that finality, subject to the rules governing reconsideration and appeal. See Lombardi, 207 N.J. at 535 (noting "[t]he policy that litigation must have an end" (quoting Ford v. Weisman, 188 N.J. Super. 614, 619 (App. Div. 1983))); Baumann v. Marinaro, 95 N.J. 380, 389 (1984) ("Finality of judgments is essential to the efficient functioning of the court system; a litigant must know when an action is finally concluded."); Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) ("[M]otion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour." (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990))). Allowing a never-ending sequence of motions for reconsideration jeopardizes that policy and undermines the finality Rule 4:49-2 was designed to secure. We construe our rules to promote certainty in litigation. See R.1:1-2(a); Ragusa v. Lau, 119 N.J. 276, 283 (1990) ("The Rules of procedure were 'promulgated for the purpose of promoting reasonable uniformity in the expeditious and even administration of justice.'" (quoting Handelman v. Handelman, 17 N.J. 1, 10 (1954))).

A-0057-25

In sum, once a trial court denies a motion for reconsideration of a final judgment or order, it may not reconsider its decision on its own, nor entertain a subsequent motion for reconsideration. The next step for the non-prevailing party, if dissatisfied with the order, is either to appeal that decision, see R. 2:5-1(a), or seek relief from the judgment pursuant to the limited circumstances outlined in Rule 4:50-1. Our judges strive daily to make decisions with care and precision. Although we recognize the trial court's efforts at self-correction, principles of finality are paramount.

Reversed. The orders of January 29 and April 23, 2025, are reinstated, without prejudice as to plaintiff's right to appeal the orders on their merits, subject to the Rules of Court.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14